## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JERMAINE JENNINGS,** | : | **CIVIL NO. 1:15-CV-0230** |
| | : | |
| **Petitioner** | : | **(Chief Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Respondent** | : | |

## <u>MEMORANDUM</u>

Before the court is a petition for a writ of habeas corpus (Doc. 1) pursuant to

28 U.S.C. § 2241 filed by petitioner Jermaine Jennings  ("petitioner" or "Jennings"),

a Federal Bureau of Prisons ("BOP") inmate currently incarcerated at Federal

Correctional Institution at Schuylkill ("FCI-Schuylkill"), Minersville, Pennsylvania.

Preliminary review of the petition has been undertaken, <u>see</u> 28 U.S.C. § 2243; <u>see

also</u>, R. GOVERNING § 2254 CASES R.4,[1] and, for the reasons set forth below, the court

will dismiss the petition for lack of jurisdiction.

---

[1] Rule 4 provides "[i]f it plainly appears from the petition and any attached exhibits that the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  <u>See</u> R. GOVERNING § 2254 CASES R. 4.  These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court.  <u>Id.</u> at R.1(b).

## I. Background

Jennings' criminal matter proceeded in federal court as follows:

> The defendant was convicted by a jury of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and possession of ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1).  On the drug possession charge the Court sentenced him to 300 months of incarceration, and on the ammunition charge, to 120 months of incarceration to run concurrently, and a fine totaling $2,000, with a mandatory assessment of $200. Amended Judgment in a Criminal Case, Dec. 21, 2007, ECF No. 73.  On December 9, 2008, the United States Court of Appeals for the Second Circuit affirmed this Court's judgment in a summary order.  United States v. Jennings, No. 07–5578–cr (2d Cir. Dec. 9, 2008) (filed in this case as Mandate of USCA, Mar. 25, 2009, ECF No. 86). On January 5, 2010, the Court granted the defendant's request to extend the time for filing a motion pursuant to 28 U.S.C. § 2255, and on March 5, 2010, the defendant filed [a] motion seeking to vacate his sentence and conviction based upon his claim of ineffective assistance of counsel.

United States v. Jennings, Nos. 6:05-CR-6128-CJS-1, 10 CV-6119-CJS, 2014 WL 2531951, at *1 (W.D.N.Y. April 29, 2014).  On April 29, 2014, in denying the § 2255 motion, the district court concluded that "the evidence does not support the defendant's contention that trial defense counsel's performance was deficient, or that the Court's sentence violated statutes or the Constitution."  (Id. at *5).  No appeal was taken.  Recently, on February 11, 2015, Jennings filed in the Western District of New York a Federal Rule of Civil Procedure 60(b) motion for reconsideration of the district court's April 29, 2014 order.  (Motion for Reconsideration, United States v. Jennings, 6:05-cr-6128-CJS-1, ECF No. 96).  The motion is currently pending.

2

Jennings filed the instant petition (Doc. 1) and a supporting memorandum of

law (Doc. 2) on February 2, 2015, seeking relief based on the following:

> On January 27, 2014, the Supreme Court made a "substantive" change to 21 U.S.C. §  841(b), and how it applies to 21 U.S.C. §§ 846 and 841(a)(1) which was not available to the petitioner at the time of his conviction, appeal or 28 U.S.C. § 2255 motion.  This "substantive" change was due to the re-interpretation of 21 U.S.C. § 841(b), in <u>Burrage v. United States</u>, 571 U.S. —, 134 S.Ct. 881, 187 L.Ed. 715 (2014).  And this "substantive" change directly affects the petitioner's sentence, as it makes the former sentencing factors in 21 U.S.C. § 841(b), elements of the offense in 21 U.S.C. §§ 846 and 841(a)(1).

(Doc. 1, p. 2).[2]

## II.   <u>Discussion</u>

Federal prisoners seeking post-conviction relief from their judgment of

conviction or the sentence imposed are generally required to bring their collateral

challenges pursuant to 28 U.S.C. § 2255.  <u>See</u> 28 U.S.C. § 2255(e). Section 2255(e)

provides that:

> An application for a writ of habeas corpus [pursuant to § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained if it appears that the applicant has failed to apply for relief by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).  To that end, the Court of Appeals for the Third Circuit has

observed that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means

---

[2]Jennings also relies on <u>Burrage</u>, *inter alia*, in his motion for reconsideration pending in the Western District of New York.

by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 343 (1974)).  Section 2255(e) specifically prohibits federal courts from entertaining a federal prisoner's collateral challenge by an application for habeas corpus unless the court finds that a Section 2255 motion is "inadequate or ineffective." Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)).  This safety valve language in Section 2255(e) has been strictly construed. See Application of Galante, 437 F.2d 1164, 1165-66 (3d Cir. 1971) (concluding that unfavorable legal standards in circuit where sentencing court was located do not render Section 2255 remedy inadequate or ineffective); Millan-Diaz v. Parker, 444 F.2d 95, 97 (3d Cir. 1971) (concluding that doubts about the administration of a Section 2255 motion in particular do not make the remedy inadequate or ineffective); United States ex rel. Leguillou v. Davis, 212 F.3d 681, 684 (3d Cir. 1954) (holding that even if the sentencing court incorrectly disposes of a proper motion under Section 2255, the appropriate remedy is an appeal of that decision and not a habeas corpus petition).

Importantly, Section 2255 is not inadequate or ineffective merely because the sentencing court has previously denied relief. Dorsainvil, 119 F.3d at 251.  Nor do legislative limitations like statutes of limitation or gatekeeping provisions render the Section 2255 remedy inadequate or ineffective so as to authorize pursuit of a habeas petition in this court. See, e.g., Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251.  Rather, only when a prisoner is in the unusual position of having

no earlier opportunity to challenge his conviction or "is being detained for conduct that has subsequently been rendered noncriminal by an intervening Supreme Court decision" is Section 2255 "ineffective" for purposes of providing collateral relief.  <u>Dorsainvil</u>, 119 F.3d at 251-52.

Jennings' petition is not viable under § 2241 based upon the pendency of his motion for reconsideration in the Western District of New York.  This is a clear indication that his § 2255 remedy is not unavailable or inadequate.  Further, to the extent that he attempts to rely on case law not previously available to him, *i.e.* <u>Burrage</u>, he is first required to request permission from the Second Circuit for leave to file a successive petition.  <u>See</u> 28 U.S.C. § 2255(h).  Consequently, the petition will be dismissed for lack of jurisdiction.

## III.  <u>Conclusion</u>

Based on the foregoing, Jennings' petition (Doc. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 will be dismissed for lack of jurisdiction.

An appropriate order will issue.


<u>/S/ CHRISTOPHER C. CONNER</u>
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania


Dated:      April 9, 2015